## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN KONSAVAGE<br>33 Lombardo Drive<br>Wilkes Barre, PA 18702 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | DOCKET NO.: 15-CV-1155 |
| v. | : <br> : | |
| MONDELEZ GLOBAL LLC, d/b/a<br>MONDELEZ INTERNATIONAL, INC<br>100 Deforest Avenue<br>East Hanover, NJ 07936 | : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : | |

## FIRST AMENDED COMPLAINT

Joan Konsavage (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.    This action has been initiated by Plaintiff against Defendant for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*) and Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. § 2000e *et. seq.*). Plaintiff asserts herein that she was demoted and terminated from her employment based upon her age or gener and/or complaints of discrimination.[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend the instant complaint to include claims under the Pennsylvania Human Relations Act ("PHRA") once her claims are properly exhausted before the PHRC. Such claims will mirror identically those already asserted herein, as the PHRA provides state-law overlapping protections and are analyzed identically to the federal claims asserted herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the ADEA. This Court may also assert supplemental jurisdiction over Plaintiff's state law claims (when amended) as they arise out of the same facts as his federal law claims.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by filing this lawsuit more than 60 days after filing her Charge of age discrimination and retaliation with the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption

8.      Defendant Mondelez Global, LLC, d/b/a Mondelez International, LLC (hereinafter "Defendant") is a subsidiary of Mondelez International, Inc. that openly holds itself out to the public as Mondelez International, Inc. (a publicly-traded corporation) in all employment-related documentation, policies, to the investors, via website, and uses similar and overlapping management resources. Defendant contends Plaintiff was directly employed by Mondolez Global, LLC and was paid by this entity.  Such entities individually or collectively manufacture and distribute food and snack products internationally.[2]

9.      At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff is a 54-year-old female.

12.      Plaintiff was originally hired by Defendant in 1983.[3] In total, Plaintiff worked for Defendant for approximately 30 years.

---

[2] Plaintiff may move to amend to include Mondolez International Inc. as a Defendant if it appears during discovery it would legally considered a single, integrated or joint employer of Plaintiff.

[3] Plaintiff was not *per se* employed directly by Defendant since 1983 but worked for Defendant and predecessors combined since 1983, and her seniority, benefits and other employment entitlements were considered and treated in all respects as if she worked directly for Defendant since 1983.

13.     Plaintiff physically worked for Defendant at its 50 New Commerce Boulevard, Wilkes Barre, PA 18762 location (within Luzerne County).

14.     Plaintiff began experiencing significant problems during the course of her employment commencing in or about her approximate 29th year of employment with Defendant, in calendar year 2013.

15.     In calendar year 2013, Plaintiff was supervised by one Mike Peterson ("Peterson"), whom she had not previously reported to in prior years.  Peterson was employed by Defendant as a Director of Customer Operations.

16.     As of the date in which Plaintiff began being supervised by Peterson, Plaintiff was employed by Defendant as a "Manager of Critical Inventory."

17.     In addition to supervising Plaintiff, Peterson supervised other individuals, including but not limited to team leads and managers.

18.     In 2013, Peterson was repeatedly making ageist and sexist comments to Plaintiff. Such comments included but were not limited to: (a) telling Plaintiff not to speak up at the meetings and to let the younger people speak; (b) to step aside from some of her work and let the younger employees shine and build their careers; (c) at Plaintiff's age and due to her years with the company, she has done all she could do; (d) telling Plaintiff she had no further potential at her age; and (e) other verbal comments about preferring younger or male employees to handle various matters. Such comments were in addition to negative and disparate treatment based upon Plaintiffs age and gender.

19.     On or about August 7, 2013, Plaintiff approached Peterson to formally complain directly to him in accordance with company policies about his overt discriminatory treatment of her based upon age and gender. In her discussion, Plaintiff asked Peterson to stop making

discriminatory comments about her age, to cease making sexist comments, to remove inappropriate images from his desktop, and to treat her fairly (among some other concerns about his inappropriate conduct such as making derogatory comments about people with disabilities). In response, Plaintiff was told by Peterson, "if you don't like it, then you should get up and leave."

20.    On or about August 14, 2013, also in compliance with Defendant's company policies, Plaintiff escalated her concerns of discrimination to one Dave Augustine, a Senior Director who directly oversaw Peterson and indirectly Plaintiff.  Herein, Plaintiff reiterated her concerns of age and sex discrimination (among other concerns), and Augustine only told Plaintiff to document any concerns she has going forward and to follow up should she have future problems.  Augustine essentially refused to address the issue head on and placed the burden upon Plaintiff to raise further concerns at some other point.

21.    Peterson's discriminatory conduct as aforesaid did not cease after August of 2013, and Plaintiff: (a) had been experiencing continued disparate treatment with respect to assignments; (b) was being limited in participation during meetings; (c) was being talked to in a demeaning or condescending manner; (d) having continued discriminatory comments made; and (e) and having other policies selectively enforced.

22.    As of year-end for calendar year 2013, Plaintiff had "Achieved Expectations" in her rated objective categories for her annual performance review, with notations including but not limited to:

- Plaintiff trains teams, consistently delivers, and had a very solid 2013;
- Plaintiff does a great job with external customers and internal leadership within Defendant; and

- Plaintiff's results for 2013 were excellent, *and she has great ethics* and dedication to her work.

23.     There was simply no real factual or real basis for Peterson to ever attack Plaintiff on her performance, as she performed her job in a stellar manner, which was well documented.

24.     Plaintiff reiterated complaints of discrimination to her management through mid-2014. Plaintiff had also complained to other management of discriminatory treatment, not just Peterson and Augustine.   For example, Plaintiff further complained to Rick Pace, a Senior Director, as well (to whom she had a dotted-line reporting structure).

25.     On or about June 23, 2014, Plaintiff was advised verbally and via "Interoffice Memo" by Peterson that her "position was recently downgraded." In accordance with same, Plaintiff was assigned a lesser job title (from "Critical Inventory Manager" to "Critical Inventory Team Lead") and given pay reductions in salary and bonus incentives. In conjunction with this downgrade, Plaintiff was advised by Peterson changes were being made company-wide to management positions.

26.     Upon information and belief, Plaintiff's downgrade and pay reductions were nothing more than a pretextual demotion that were not at all based upon company-wide realignment(s); and instead, were discriminatory and retaliatory actions taken against her based upon her age and/or sex and/or due to her complaints of discrimination. Plaintiff also continued to perform the same type of work without any specified or meaningful change in general responsibilities, also indicating the punitive nature of such actions. And finally, Plaintiff was specifically directed to give some manager work to her younger male counterpart, Jeff Gallagher.

27.     By mid-2014, Plaintiff was given a mid-year evaluation where she was again identified as meeting performance objectives in her position and wherein Plaintiff was identified

as being well connected with her customers, having strong team results, building a positive culture within her team, doing a great job of delivering strong results, and other positive feedback.

28.    In her last several months of employment, Plaintiff further complained of discrimination and retaliation with general mistreatment, as Peterson's actual workplace conduct towards her was very offensive. This resulted in Plaintiff being terminated after a 30-year career for completely false reasons in September of 2014.

29.    Plaintiff's last day of work with Defendant was on or about September 26, 2014. Plaintiff was terminated on this date for allegedly acting unethically by encouraging her team to give good ratings during an annual unleashment survey and for allegedly not being honest during a supposed investigation about this issue, purported bases for Plaintiff's termination that allegedly took place over a month prior to informing her of a termination from employment.

30.    Plaintiff did not commit any policy violations of Defendant, she did not engage in any misconduct, she was not dishonest, and she was directly terminated by Peterson who made discriminatory comments to her and was retaliating against her for complaints of discrimination by coordinating a purported rationale for Plaintiff's termination from employment.

**First Cause of Action**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Wrongful Termination: Age Discrimination & Retaliation)**

31.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.    Plaintiff was demoted and terminated from Defendant, as discussed *supra*, because of her age and/or due to complaints of age discrimination within the workplace

33.    These actions as aforesaid constitute violations of the ADEA.

### Second Cause of Action
### <u>Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")</u>
### (Wrongful Termination: Age Discrimination & Retaliation)

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     Plaintiff was demoted and terminated from Defendant, as discussed *supra*, because of her gender and/or due to complaints of gender discrimination within the workplace.

36.     These actions as aforesaid constitute violations Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:[4]

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.     Plaintiff is to be awarded actual damages, as well as damages for the pain and suffering, and humiliation caused by Defendant's actions (as permitted by applicable law);

C.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

---

[4] While some of the entitlements specified herein may not be specifically enumerated under the ADEA, these remedies are fully included anticipating amendments of Title VII and PHRA claims.

F.     Plaintiff shall be permitted to have a trial by jury as requested in the caption of

this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 29, 2015