IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN KONSAVAGE, | : |
| Plaintiff, | : |
| v. | : 3:15-CV-1155 |
| | : (JUDGE MARIANI) |
| MONDELEZ GLOBAL LLC, d/b/a | : |
| MONDELEZ INTERNATIONAL INC. | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

In this employment discrimination suit, Plaintiff, Joan Konsavage, claims that Defendant, Mondelez Global LLC, engaged in unlawful employment practices in connection with her demotion and termination. Specifically, Plaintiff alleges that Defendant's adverse employment decisions were based upon her age, gender, and her complaints to Defendant of age and gender discrimination in the workplace. As a result, Plaintiff asserts claims for discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* in relation to her demotion and termination.[1] Presently before the Court is Defendant's Motion in Limine seeking to preclude evidence of an anonymous complaint

---

[1] Plaintiff's discrimination and retaliation claims under the PHRA based upon her demotion were dismissed on summary judgement, (Docs. 53, 54), but her discrimination and retaliation claims under the PHRA based upon her termination remain pending.

against David Augustine and Mike Peterson. (Doc. 76). For the reasons that follow, the Court will defer ruling on the Motion until the time of trial.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. DISCUSSION

Through the present Motion, Defendant seeks to preclude an anonymous complaint Defendant received against David Augustine and Mike Peterson. The complaint reads as follows:

> It's time for someone with authority to look beyond the phony, filtered surface of the Wilkes Barre organization. Anyone who cares to look would not have to look very deep to see the unfair, unethical, discriminatory, and politically malicious agenda and actions of Dave Augustine and his sidekick Mike Peterson. The small group of Wilkes Barre employees that they cater to are the only people who view them favorably. The silent majority has little if any trust or respect for these two or the rest of their so called leadership team. Any group that is governed by people whose standards vary depending on things other than merit, is doomed to fail. Whatever happened to the "what" and the "how"? They no longer mean anything in Wilkes Barre. The weak foundation is crumbling and the silent majority is fed up.

(Doc. 76-1 at 2). Defendant argues that this complaint should be precluded under Federal Rule of Evidence 401 as irrelevant, or, alternatively, under Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice.

3

Plaintiff responds by arguing that if she sought to admit the complaint as evidence, she would not be introducing it for the truth of the matters asserted within, but to elicit testimony about how Defendant handled this complaint in comparison to how it handled the anonymous complaint received against her. Plaintiff argues that such evidence will be relevant to her claim that the reason Defendant gave for her termination—which was based upon the outcome of an investigation initiated after Defendant received an anonymous complaint against her—was a pretext for discrimination. That is, Plaintiff claims that through this piece of evidence she will be able to show that Defendant used the anonymous complaint lodged against her to conduct an investigation and find an excuse to fire her while Defendant failed to conduct any real investigation into the complaint lodged against her supervisors David Augustine and Mike Peterson.

As made clear by the parties' arguments, whether this anonymous complaint is relevant to the case at hand and whether, if relevant, its probative value is substantially outweighed by the risk of unfair prejudice, depends heavily on the evidence adduced at trial and the defenses ultimately asserted. Without a developed trial record, the Court has no meaningful way to evaluate the anonymous complaint's relevancy or to conduct the balancing test required by Rule 403. *See Walden,* 126 F.3d at 518 n.10; *In re Paoli R.R. Yard PCB Litig.,* 916 F.2d at 859. Accordingly, the Court will defer ruling on the Motion until trial.

## IV. Conclusion

For the forgoing reasons, the Court will defer ruling on Defendant's Motion in Limine to Preclude Evidence of the Anonymous Complaint against David Augustine and Mike Peterson, (Doc. 76). This ruling, however, does not alter Defendant's responsibility to raise this objection at the appropriate time at trial, if warranted in light of the evidence adduced by that time. Failure to raise this issue at the appropriate time at trial will be deemed a waiver of the objections found within this Motion. A separate Order follows.

Robert D. Mariani
United States District Judge