IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN KONSAVAGE,

    Plaintiff,

v.

MONDELEZ GLOBAL LLC, d/b/a
MONDELEZ INTERNATIONAL INC.

    Defendant.

3:15-CV-1155
(JUDGE MARIANI)

# MEMORANDUM OPINION

## I. INTRODUCTION

In this employment discrimination suit, Plaintiff, Joan Konsavage, claims that Defendant, Mondelez Global LLC, engaged in unlawful employment practices in connection with her demotion and termination. Specifically, Plaintiff alleges that Defendant's adverse employment decisions were based upon her age, gender, and her complaints to Defendant of age and gender discrimination in the workplace. As a result, Plaintiff asserts claims for discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* in relation to her demotion and termination.[1] Presently before the Court is Defendant's Motion in Limine seeking to preclude evidence of alleged discrimination against

---

[1] Plaintiff's discrimination and retaliation claims under the PHRA based upon her demotion were dismissed on summary judgement, (Docs. 53, 54), but her discrimination and retaliation claims under the PHRA based upon her termination remain pending.

other employees. (Doc. 74). For the reasons that follow, the Court will defer ruling on the Motion until the time of trial.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. DISCUSSION

Through the present Motion, Defendant seeks to prevent Plaintiff from introducing evidence of Defendant's allegedly discriminatory conduct towards other employees who Defendant maintains are not similarly situated to Plaintiff. Specifically, Defendant believes that Plaintiff will attempt to introduce evidence that Defendant discriminated against three of its former employees: Amy Suda-Ruskey, Denise Granoski, and Elizabeth Brown. Defendant contends that none of these employees are similarly situated to Plaintiff because they all held different jobs, had different supervisors, and had different reasons for leaving Defendant's employment. Therefore, Defendant argues that evidence regarding these former employees should be precluded under Federal Rule of Evidence 401 as irrelevant, or, alternatively, under Rule 403 because the probative value of such evidence is substantially outweighed by the risk of unfair prejudice.

As Defendant correctly acknowledges, however, evidence of this type is not "*per se* admissible or *per se* inadmissible" under Rules 401 and 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). Instead, "[t]he question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id*. Further, "[a]pplying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry." *Id*. Here, the Court is unable to make this type of fact-intensive, context-specific inquiry under Rule 401 and 403 before the Court is aware of what evidence will be offered at trial or what theories of the case Plaintiff will ultimately present. *See Walden*, 126 F.3d at 518 n.10; *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 859. Accordingly, the Court will defer ruling on the Motion at this time.

## IV. CONCLUSION

For the forgoing reasons, the Court will defer ruling on Defendant's Motion in Limine to Preclude Evidence of Alleged Discrimination against Other Employees, (Doc. 74). This ruling, however, does not alter Defendant's responsibility to raise this objection at the appropriate time at trial, if warranted in light of the evidence adduced by that time. Failure to raise this issue at the appropriate time at trial will be deemed a waiver of the objections found within this Motion. A separate Order follows.

*signature*

Robert D. Mariani
United States District Judge