# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN KONSAVAGE,                           :
                                          :
        Plaintiff,           :
                                          :
v.                                        :     3:15-CV-1155
                                          :     (JUDGE MARIANI)
MONDELEZ GLOBAL LLC, d/b/a                 :
MONDELEZ INTERNATIONAL INC.                :
                                          :
        Defendant.           :

## MEMORANDUM OPINION

### I. INTRODUCTION

In this employment discrimination suit, Plaintiff, Joan Konsavage, claims that

Defendant, Mondelez Global LLC, engaged in unlawful employment practices in connection

with her demotion and termination. Specifically, Plaintiff alleges that Defendant's adverse

employment decisions were based upon her age, gender, and her complaints to Defendant

of age and gender discrimination in the workplace. As a result, Plaintiff asserts claims for

discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 and 1991

("Title VII"), 42 U.S.C. § 2000e, et seq., the Age Discrimination Employment Act ("ADEA"),

29 U.S.C. § 621, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §

951, et seq. in relation to her demotion and termination.[1] Presently before the Court is

Plaintiff's Motion seeking to strike Defendant's exhibits 102-105 which pertain to Plaintiff's

---

[1] Plaintiff's discrimination and retaliation claims under the PHRA based upon her demotion were
dismissed on summary judgement, (Docs. 53, 54), but her discrimination and retaliation claims under the
PHRA based upon her termination remain pending.

medical records. (Doc. 81). For the reasons that follow, the Court will defer ruling on the Motion until the time of trial.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.*" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. DISCUSSION

Through the present Motion, Plaintiff seeks to preclude the introduction of portions of her medical records that were produced during discovery. Plaintiff first argues that the Court should preclude the exhibits under Federal Rule of Evidence 901 because the parties have not stipulated to the documents' authenticity. Defendant responds that if no stipulation is reached, it will call a records custodian for each of the medical providers to authenticate the records. Given Defendant's stated ability to authenticate the records, the Court will deny the motion on these grounds. That stated, Defendant is on notice that if no stipulation is reached as to the authenticity of the medical records, Defendant should be prepared at the time of trial to call witnesses who can authenticate the records Defendant seeks to introduce.

Next, Plaintiff argues that the records are inadmissible because they contain hearsay within hearsay. While admitting that the documents qualify as business records, Plaintiff

3

nonetheless argues that there is no exception to the hearsay rule that would allow the statements contained within the documents—as opposed to the documents themselves—to be admitted as evidence. Defendant argues that the statements within these documents are not hearsay under Federal Rule of Evidence 802(D)(1) or, alternatively, the statements are admissible hearsay under Federal Rule of Evidence 803(4) as statements made for the purpose of a medical diagnosis or treatment.

The Court, however, can make no meaningful ruling on this issue because Plaintiff has failed to attach the documents to her Motion that she seeks to preclude.[2] Accordingly, the Court will defer ruling on the admissibility of Plaintiff's medical records until the time of trial. At that time, if Defendant seeks to introduce any of Plaintiff's medical records, the Court will review the document outside the presence of the jury and rule on any of Plaintiff's objections.[3]

## IV. CONCLUSION

For the forgoing reasons, the Court will defer ruling on Plaintiff's Motion in Limine to Preclude Evidence of Plaintiff's Medical Records in Defendant's Exhibits 102-105, (Doc. 81). This ruling, however, does not alter Plaintiff's responsibility to raise this objection at

---

[2] Plaintiff asserts, in her reply brief, that she did not put the documents of record because of the sensitive nature of the information contained therein. While the Court understands that Plaintiff wishes to not put her medical records on the public docket, if Plaintiff wanted a pretrial ruling as to the admissibility of those documents she should have filed them on the docket under seal.

[3] In her Motion in Limine, Plaintiff also asserts that if Defendant "is able to a.) authenticate these documents and b.) overcome the hearsay problems inherent therein, . . . Defendant would still need to establish the relevancy of any one of these documents to the claims or defenses at trial." (Doc. 82 at 14). While this is no doubt true, Plaintiff puts forth no argument as to why these documents are *not* relevant and therefore provides no basis to preclude the evidence on relevancy grounds prior to trial.

the appropriate time at trial, if warranted in light of the evidence adduced by that time. Failure to raise this issue at the appropriate time at trial will be deemed a waiver of the objections found within this Motion. A separate Order follows.



Robert D. Mariani
United States District Judge